The Honorable Gary D. Hunter State Senator Route 8, Box 108 Mountain Home, Arkansas 72653
Dear Senator Hunter:
This is in response to your request for an opinion on two questions relating to the possible annexation of territory by the City of Bull Shoals. You note that the City of Bull Shoals is located on a peninsula surrounded by the water of Bull Shoals Lake and the White River. Your two questions are as follows:
 1. Can the City of Bull Shoals annex an area of Bull Shoals Lake and the White River that are contiguous with our city boundaries and located in Marion County and are taxed by the State and Marion County for personal property and sales tax?
 2. If so, can the lake be annexed from low water shore mark 646 feet outward to include 500 feet of water surface and the land underneath the water surface and the river to the Baxter County line? The lake and river areas in question are in Marion County taxable districts.
It is my opinion that the questions you have posed can only be answered by a court with the ability to take evidence and weigh all of the facts and circumstances presented. It is my opinion, nonetheless, that there is no flat prohibition against the City of Bull Shoals annexing this area. In order to do so, however, the City would have to meet statutory guidelines for municipal annexation, and this may be difficult to do with a proposed annexation of waterways.
It should be noted from the outset that if the area proposed to be annexed is comprised of "navigable" waters, the State of Arkansas owns the waters and the "bed" or underlying land. See generally, Op. Att'y Gen. 95-226. I have not been provided with any information in this regard, and cannot tell from the documents submitted whether the territory in question is comprised of "navigable" waterways. This is a question of fact. Even if the territory in question is comprised of navigable waters, however, in my opinion there is no flat prohibition against its annexation. See generally Op. Att'y Gen. 94-181 (copy enclosed). Such an annexation must, however, meet the requirements of A.C.A. § 14-40-303(1987), and withstand a possible judicial review under this statute. The relevant statutory section provides that:
 (a) By vote of two-thirds (2/3) of the total number of members making up its governing body, any municipality may adopt an ordinance to annex lands contiguous to the municipality if the lands are any of the following:
(1) Platted and held for sale or use as municipal lots;
 (2) Whether platted or not, if the lands are held to be sold as suburban property;
 (3) When the lands furnish the abode for a densely settled community or represent the actual growth of the municipality beyond its legal boundary;
 (4) When the lands are needed for any proper municipal purposes such as for the extension of needed police regulation;[1] or
 (5) When they are valuable by reason of their adaptability for prospective municipal uses.
To be upheld as a valid annexation, the proof must show that at least one of the conditions above has been met. Holmes v. City of Little Rock,285 Ark. 296, 686 S.W.2d 425 (1985). It would appear impossible to meet any one of the first three criteria above where the annexation sought is of territory comprised of water. The proof must therefore show that either criteria (4) or (5) above is present. It may be difficult to make this showing with regard to the annexation of waterways. Whether either criteria (4) or (5) is present will be a question which must ultimately be decided by the circuit court. See A.C.A. § 14-40-304. It has been held before, however, that the annexation of flood lands do not meet these criteria. See Saunders v. City of Little Rock, 262 Ark. 256,556 S.W.2d 874 (1977). It was also noted in the Saunders case that the annexation of lands for purposes of "taxation only" is prohibited by the Constitution of Arkansas. See Arkansas Constitution, art.2 §§ 22 and 23 (prohibiting the "taking" of property for public use without just compensation). Your request seems to imply the desirability of taxing boats and other personal property on these waters as a primary objective of the annexation. You should be aware of the constitutional restriction noted above in considering any possible annexation of the territory.
As noted above, the legality of the annexation of the territory in question will ultimately have to be decided by a court presented with all the evidence. I hope that the foregoing discussion of the applicable legal principles is helpful, however.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] You state that the City of Bull Shoals provides water, police, and fire protection, and streets to and from businesses and individual boat docks on these waters, but receives no tax revenues to help pay for these services. You have not indicated why the City provides such services outside its municipal limits.